Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 1729 | DATE | 8/13/2002 |
| CASE TITLE | MICHAEL J. MALONE vs. CORT FURNITURE CORP. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  **Motion granted. Enter temporary restraining order. Bond is set in the amount of $25,000.00.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 15 2002 | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 15 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| DW | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MICHAEL J. MALONE,

   Plaintiff,

v.

No. 02 C 1729
Judge James B. Zagel

CORT FURNITURE CORPORATION, a
Delaware Corporation,

   Defendant.

## MEMORANDUM OPINION AND
## TEMPORARY RESTRAINING ORDER

Before me is the Emergency Motion for a Temporary Restraining Order of CORT Business Corporation, incorrectly sued as CORT Furniture Rental Corporation ("CORT"). CORT seeks to enforce the restrictive covenant set forth in Paragraph 5(a) of its Employment Agreement with Michael J. Malone. Particularly at issue is the prospective enforcement of such restrictive covenant, as CORT's counsel represented in open court on August 9, 2002 that CORT did not seek to interfere with Mr. Malone's employment of Dale Johnson.

Due notice having been given, this Court having reviewed the written submissions of the parties and having heard oral argument of counsel, this Court finds and concludes that (1) CORT has demonstrated a more than negligible likelihood of success on the merits, (2) CORT does not have an adequate remedy at law and will suffer irreparable harm if a temporary restraining order does not issue to preserve the status quo ante and (3) the balance of harms favors CORT and the public interest will not be disserved by the issuance of a temporary restraining order.

Mr. Malone severed his employment with CORT on October 22, 2001. Paragraph 5(a) of the Employment Agreement provides for an 18-month prohibition of Mr. Malone's solicitation



or hire of employees or former employees of CORT. In evaluating CORT's likelihood of success on the merits, I note that the enforceability of a restrictive covenant in an employment contract is dependant on whether, given the particular facts of the case, the restraints imposed are reasonably necessary for the protection of the employer's business. *Arpac Corp. v. Murray*, 226 Ill. App. 3d 65, 75 (1992). CORT, as a small company where many of its employees perform key functions, has a legitimate business interest in maintaining a stable work force. *Id.* at 78.

Case law suggests that a covenant such as the one at issue would likely be enforceable. In *Torrence v. Hewitt Associates*, 143 Ill. App. 3d 520, 493 (1986), a partnership sought to enforce against a former partner the partnership's restrictive covenant that, among other things, restricted the former partner from attempting to hire employees. Although not explicitly ruling on the portion of the covenant that restricted hiring, the court implicitly approved that portion of the covenant by finding the entire covenant valid and enforceable. In *Arpac*, the court enjoined an employee from violating an employment agreement that contained a covenant that prohibited the former employee from "induc[ing] or attempt[ing] to induce" employees to leave the company. 226 Ill. App. 3d at 69.

Given that CORT has a protectible interest and that restrictive covenants with similar or broader restrictions have been enforced, I turn now to one of the keys to evaluating the reasonableness of a restrictive covenant – the time limitation that such a covenant imposes on the former employee's activities. The restrictive covenant at issue is for 18 months, of which just under 10 months have already passed. Imposing a temporary restraining order for a period of 49 days will bring the duration of the time restrictions on Mr. Malone to just under one year. This time limitation is not unreasonable in light of the circumstances in which the balance of harms

favors CORT.

For the foregoing reasons, for 49 days from the issuance of this Temporary Restraining Order, Mr. Malone, his agents, employees, attorneys and all persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from soliciting, employing, retaining as a consultant, interfering with or attempting to entice away from CORT or its affiliates, any individual who was an employee of CORT or its affiliates within one year of such solicitation, employment, retention, interference or enticement.

This Temporary Restraining Order shall issue upon the giving by CORT of security in the amount of $25,000.

ENTER:

James B. Zagel
United States District Judge

DATE: 13 August 2002